UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number 00-6021 CIV - GOLD

GLENN PARKER,

    Plaintiff,

vs.

MAGISTRATE JUDGE
SIMONTON

WINN-DIXIE STORES, INC., a
Florida corporation,

    Defendant.

_____/

## Complaint

Plaintiff, Glenn Parker, sues defendant, Winn-Dixie Stores, Inc., a Florida corporation, and alleges:

### Introduction

1.   This is a race discrimination/retaliation action by Glenn Parker ("Parker"), against Winn-Dixie Stores, Inc. ("Winn-Dixie"). Parker, whom Winn-Dixie employed as a Selector, claims that Winn-Dixie, **One**, discriminated against him because of his race, **Two**, subjected him to a racially hostile work environment, and, **Three**, retaliated against him for having complained about what he reasonably perceived as racial discrimination and hostile environment harassment. Parker sues Winn-Dixie pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq.

G:\CP\HISTORY\1933\18.DOC

("Title VII") and 42 U.S.C. § 1981. He seeks compensatory and punitive damages, equitable relief and litigation expenses.

## Jurisdiction

2. This action arises under 42 U.S.C. § 1981 and Title VII of the Civil Rights of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, et seq. Jurisdiction is founded on 42 U.S.C. §§ 1988 and 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343(a)(4). The court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in the Ft. Lauderdale Division of the Southern District of Florida pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b), as well as Local Rule 3.1(F), because the claims arose there.

## Parties

4. Plaintiff, Glenn Parker, is a member of two groups of persons protected under Title VII and 42 U.S.C. § 1981:

    a. he is black; and

    b. he opposed unlawful employment practices prohibited by Title VII and 42 U.S.C. § 1981, i.e., racial discrimination and hostile environment harassment, by complaining about them and by filing a Charge of Discrimination with the Equal Employment Opportunity Commission.

G:\CP\HISTORY\1933\18.DOC

5. Winn-Dixie is and was, at all times material, a Florida corporation involved in commerce and employing 20 or more persons, and, as such, an "employer" as envisioned by 42 U.S.C. § 2000e(b).

### Compliance With Procedural Requirements

6. Parker on or about June 17, 1997, filed with the Equal Employment Opportunity Commission (EEOC) and Broward County Human Rights Division a Charge of Discrimination, stating in pertinent part:

> 1. I began employment with Respondent on March 1, 1989 as a Truck Loader. My current position is that of a Selector. I have been harassed since 1991 and continuing to the present day. In May 1996 I complained to the Respondent about their discriminatory practice for promotions. I have since been retaliated against by the Respondent and on June 9, 1997 I was informed that I will never be promoted.
>
> 2. The Respondent has given no reason for not promoting me.
>
> 3. I believe I have been retaliated against and discriminated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act (Chapter 760) and Article II, Section 1(a) of the Broward County Human Rights Act.

Parker adopts those allegations as part of this Complaint.

7. Parker on or about August 24, 1998, filed with the Equal Employment Opportunity Commission (EEOC) and Broward County Human Rights Division, a Charge of Discrimination, stating in pertinent part:

> 1. On 7/30/98, I was forced to resign (constructive discharge) from my position by the Respondent. On 6/9/97, I filed a

G:\CP\HISTORY\1933\18.DOC

    discrimination complaint with the Broward County Human Rights Division (BCHRD) and the Equal Employment Opportunity Commission (EEOC).

2.     No reason was given by the Respondent.

3.     I believe that I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, Section 704a, the Florida Civil Rights Act (Chapter 760) and Article II, Section 1(a)(1) of the Broward County Human Rights Act.

Parker adopts those allegations as part of this Complaint.

8.     The EEOC issued Parker Notices of Right to Sue dated October 12, 1999, and October 13, 1999, within 90 days of his receipt of which he is instituting this action.

## General Allegations

9.     Parker was at all times material was employed by Winn-Dixie as a Selector in its Pompano Beach warehouse.

10.     Winn-Dixie — including through the conduct of Parker's supervisors and managers — subjected Parker to a hostile work environment because of his race, discriminated against him based on his race and/or retaliated against him after he complained about racial discrimination and hostile environment harassment, as alleged above in paragraphs 6 and 7, including, but not limited to:

    a.     the district manager, Gary Dean's, telling Parker that if Parker continued with his lawsuit Parker would be on the end of a rope;

G:\CP\HISTORY\1933\18.DOC

    b.    prohibiting Parker from using the telephone but permitting other non-black employees to do so;

    c.    following Parker throughout the warehouse such as to the restroom and back room;

    d.    increasing Parker's work load and responsibilities, during the performance of which Parker injured his back for which he had to file a workers' compensation claim;

    e.    assigning employees to watch Parker while he worked;

    f.    telling other employees not to speak with Parker;

    g.    passing Parker over for promotions in favor of lesser qualified non-black employees;

    h.    the district manager, Gary Dean's, telling Parker that if he continued to complain his future applications for promotions would be overlooked or destroyed; and

    i.    telling Parker that he will never be promoted.

11.    Parker complained about discrimination and harassment, to no avail, on repeated occasions to his supervisors and managers, including, but not limited to, Dave Hawes, Bill Eaverson, Randy Bazal, J.A. Williams, Rick Garmon, R. Webb, Gary Dean, Manny Izquierdo, Mr. Aster, and Jim Bell.

G:\CP\HISTORY\1933\18.DOC

12. After Parker filed his first Charge of Discrimination, his working conditions at Winn-Dixie became so hostile that no reasonable person could have continued to work there, forcing him to resign on July 30, 1998.

13. Winn-Dixie, notwithstanding both its actual and constructive knowledge, failed to exercise reasonable care to prevent and correct promptly the harassment, and failed to provide an effective policy against the harassment.

14. The motivating factors in the harassment/discrimination and adverse treatment of Parker by Winn-Dixie were that:

    a. he is black; and

    b. he complained about racial discrimination and hostile environment harassment and filed a Charge of Discrimination.

15. The comments and treatment personally experienced by Parker, as well as the racially hostile atmosphere, were objectively offensive, severe and pervasive enough to alter the terms and conditions of Parker's employment, as envisioned by 42 U.S.C. § 2000e-2(a)(1), and were perceived by Parker as being such.

16. The conduct of Winn-Dixie and its agents was so willful and wanton, and in such reckless disregard of the statutory rights of Parker as to entitle him

G:\CP\HISTORY\1933\18.DOC

to an award of exemplary damages to punish Winn-Dixie and to deter it and others from such conduct in the future.

17. As a direct, natural, proximate, and foreseeable result of the actions of Winn-Dixie and its agents, Parker was injured, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment, and other non-pecuniary losses.

18. The actions alleged above have caused, and continue to cause, irreparable harm to Parker, for which there is no full, complete or adequate remedy at law.

19. Parker is entitled to recover and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988.

### Count I/Title VII/Race Discrimination

20. Parker realleges and adopts, as if fully set forth in this count, all of the allegations in ¶¶ 1 through 3, 4(a), 5 through 13, 14(a), and 15 through 19.

21. The acts more particularly alleged above violate Parker's rights against race discrimination, which discrimination is proscribed by § 703(a) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000e-2(a).

G:\CP\HISTORY\1933\18.DOC

## Prayer for Relief

WHEREFORE, plaintiff prays that this Court will:

a. issue a declaratory judgment that defendant, Winn-Dixie's, practices toward Parker violate Parker's rights under the anti-discrimination clauses of Title VII of the Civil Rights Act of 1964, as amended;

b. enter a judgment for Parker and against Winn-Dixie for compensatory and punitive damages;

c. grant Parker such other and further relief as the circumstances and law require and/or provide, including but not limited to back wages and seniority and prospective relief; and

d. grant Parker his costs and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

## Count II/Title VII/Retaliation

22. Parker realleges and adopts, as if fully set forth in this count, all of the allegations in ¶¶ 1 through 3, 4(b), 5 through 13, 14(b), and 15 through 19.

23. The acts more particularly alleged above violate Parker's rights against retaliation for opposing acts made unlawful by Title VII, which retaliation is proscribed by § 704(a) of Title VII of the Civil Rights Act of 1964,

G:\CP\HISTORY\1933\18.DOC

as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000e-3(a).

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court will:

a.  issue a declaratory judgment that defendant, Winn-Dixie's, practices toward Parker violate Parker's rights under the opposition and participation clauses of Title VII of the Civil Rights Act of 1964, as amended;

b.  enter a judgment for Parker and against Winn-Dixie for compensatory and punitive damages;

c.  grant Parker such other and further relief as the circumstances and law require and/or provide, including but not limited to back wages and seniority and prospective relief; and

d.  grant Parker his costs and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

### Count III/42 U.S.C. § 1981/Race Discrimination

24. Parker realleges and adopts, as if fully set forth in this count, all of the allegations in ¶¶ 1 through 3, 4(a), 5 through 13, 14(a), and 15 through 19.

25. The actions of Winn-Dixie as alleged above had the purpose and effect of denying Parker the same right to make and enforce contracts as is

G:\CP\HISTORY\1933\18.DOC

enjoyed by non-black employees and violate Parker's rights under 42 U.S.C. § 1981 to make and enforce contracts without regard to his race.

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court will:

a. issue a declaratory judgment that the discrimination by defendant, Winn-Dixie, against Parker was a violation Parker's rights under 42 U.S.C. § 1981;

b. enter a judgment for Parker and against Winn-Dixie for compensatory and punitive damages;

c. grant Parker such other and further relief as the circumstances and law require and/or provide, including but not limited to back wages and seniority and prospective relief; and

d. grant Parker his costs and litigation expenses pursuant to 42 U.S.C. § 1988.

### Count IV/42 U.S.C. § 1981/Retaliation

26. Parker realleges and adopts, as if fully set forth in this count, all of the allegations in ¶¶ 1 through 3, 4(b), and 5 through 13, 14(b), and 15 through 19.

27. One or more of the acts and/or omissions more particularly alleged above were intentionally and retaliatorily motivated as a result of Parker's

G:\CP\HISTORY\1933\18.DOC

complaints of racial discrimination and/or hostile environment harassment; Winn-Dixie did not engage in such conduct toward employees who had not complained of discrimination/harassment on racial grounds.

28. The actions of Winn-Dixie as alleged above violates Parker's rights under 42 U.S.C. § 1981, et seq.

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court will:

a. issue a declaratory judgment that the retaliation by defendant, Winn-Dixie, against Parker was a violation Parker's rights under 42 U.S.C. § 1981;

b. enter a judgment for Parker and against Winn-Dixie for compensatory and punitive damages;

c. grant Parker such other and further relief as the circumstances and law require and/or provide, including but not limited to back wages and seniority and prospective relief; and

d. grant Parker his costs and litigation expenses pursuant to 42 U.S.C. § 1988.

### Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

G:\CP\HISTORY\1933\18.DOC

Respectfully submitted,

_____
GLENN PARKER
1201 N.W. 43rd Street
Ft. Lauderdale, FL 33309
(954) 958-8084

Dated: January **6**, 2000.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-6021
CIV - GOLD

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
GLENN PARKER,

**DEFENDANTS**
WINN-DIXIE STORES, INC. a Floirda corporation,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Broward__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A-NORTH-608J GOLD / SIMONTON

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
GLENN PARKER (954) 958-8084
1201 N. W. 43RD STREET, FT. LAUD. FL 33309

ATTORNEYS (IF KNOWN) MAGISTRATE JUDGE SIMONTON

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. and 42 U.S.C. § 1981

LENGTH OF TRIAL via _4_ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE 1/6/2000

SIGNATURE OF ATTORNEY OF RECORD
GLENN PARKER, Pro Se.    Glenn F Parker

FOR OFFICE USE ONLY

RECEIPT # 518237  AMOUNT 150.00  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____