UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case Number: 00-6021-Civ-Gold/Simonton

GLENN PARKER,

    Plaintiff,

vs.

WINN-DIXIE STORES, INC., a
Florida corporation,

    Defendant.
_____/

# Amended Complaint

Plaintiff, Glenn Parker, sues defendant, Winn-Dixie Stores, Inc., a Florida corporation, and alleges:

## Introduction

1.    This is a race discrimination/retaliation action by Glenn Parker ("Parker"), against Winn-Dixie Stores, Inc. ("Winn-Dixie"). Parker, whom Winn-Dixie employed as a Selector, claims that Winn-Dixie, **One**, discriminated against him because of his race, **Two**, subjected him to a racially hostile work environment, and, **Three**, retaliated against him for having complained about what he reasonably perceived as racial discrimination and hostile environment harassment. Parker sues Winn-Dixie pursuant to Title VII of the Civil Rights Act





of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1981, and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Plaintiff seeks compensatory and punitive damages, equitable relief and litigation expenses.

## Jurisdiction

2. This action arises under 42 U.S.C. § 1981 and Title VII of the Civil Rights of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, et seq. Jurisdiction is founded on 42 U.S.C. §§ 1988 and 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343(a)(4). The Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear the state law claims.

3. Venue is proper in the Ft. Lauderdale Division of the Southern District of Florida pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b), as well as Local Rule 3.1(F), because the claims arose there.

## Parties

4. Plaintiff, Glenn Parker, is a member of two groups of persons protected under Title VII, the FCRA and 42 U.S.C. § 1981:

    a. he is black; and

    b. he opposed unlawful employment practices prohibited by Title VII, the FCRA and 42 U.S.C. § 1981, i.e., racial discrimination and hostile

environment harassment, by complaining about them, by filing Charges of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, and participating in investigation of acts made unlawful by Title VII, the FCRA, and 42 U.S.C. § 1981.

5. Winn-Dixie is and was, at all times material, a Florida corporation involved in commerce and employing 20 or more persons, and, as such, an "employer" as envisioned by 42 U.S.C. § 2000e(b) and section 760.02(7), Florida Statutes.

## Compliance With Procedural Requirements

6. Parker on or about June 17, 1997, filed with the Equal Employment Opportunity Commission (EEOC), the Florida Commission on Human Relations (FCHR), and Broward County Human Rights Division a Charge of Discrimination, stating in pertinent part:

   1. I began employment with Respondent on March 1, 1989 as a Truck Loader. My current position is that of a Selector. I have been harassed since 1991 and continuing to the present day. In May 1996 I complained to the Respondent about their discriminatory practice for promotions. I have since been retaliated against by the Respondent and on June 9, 1997 I was informed that I will never be promoted.

   2. The Respondent has given no reason for not promoting me.

   3. I believe I have been retaliated against and discriminated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act (Chapter 760) and Article II, Section 1(a) of the Broward County Human Rights Act.

Parker adopts those allegations as part of this Complaint.

7. Parker on or about August 24, 1998, filed with the EEOC, FCHR and Broward County Human Rights Division, a Charge of Discrimination, stating in pertinent part:

> 1. On 7/30/98, I was forced to resign (constructive discharge) from my position by the Respondent. On 6/9/97, I filed a discrimination complaint with the Broward County Human Rights Division (BCHRD) and the Equal Employment Opportunity Commission (EEOC).
>
> 2. No reason was given by the Respondent.
>
> 3. I believe that I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, Section 704a, the Florida Civil Rights Act (Chapter 760) and Article II, Section 1(a)(1) of the Broward County Human Rights Act.

Parker adopts those allegations as part of this Complaint.

8. The EEOC issued Parker Notices of Right to Sue dated October 12, 1999, and October 13, 1999, within 90 days of his receipt of which he is instituting this action. More than 180 days have passed since the filing of the Charges with the FCHR without the FCHR conciliating the claim or making findings adverse to Parker.

## General Allegations

9. Parker was at all times material was employed by Winn-Dixie as a Selector in its Pompano Beach warehouse or distribution center.

10. Winn-Dixie — including through the conduct of Parker's supervisors and managers — subjected Parker to a hostile work environment because of his race, discriminated against him based on his race and/or retaliated against him after he complained about racial discrimination and hostile environment harassment, as alleged above in paragraphs 6 and 7, including, but not limited to:

    a. the district manager, Gary Dean's, telling Parker that if Parker continued with his lawsuit Parker would be on the end of a rope;

    b. prohibiting Parker from using the telephone but permitting other non-black employees to do so;

    c. following Parker throughout the warehouse such as to the restroom and back room;

    d. increasing Parker's work load and responsibilities, during the performance of which Parker injured his back for which he had to file a workers' compensation claim;

    e. assigning employees to watch Parker while he worked;

    f. telling other employees not to speak with Parker;

      g.    passing Parker over for promotions in favor of lesser qualified non-black employees;

      h.    the district manager, Gary Dean's, telling Parker that if he continued to complain his future applications for promotions would be overlooked or destroyed; and

      i.    telling Parker that he will never be promoted.

11.    Parker complained about discrimination and harassment, to no avail, on repeated occasions to his supervisors and managers, including, but not limited to, Dave Hawes, Bill Eaverson, Randy Bazal, J.A. Williams, Rick Garmon, R. Webb, Gary Dean, Manny Izquierdo, Mr. Aster, and Jim Bell.

12.    After Parker filed his first Charge of Discrimination, his working conditions at Winn-Dixie became so hostile that no reasonable person could have continued to work there, forcing him to resign on July 30, 1998.

13.    Winn-Dixie, notwithstanding both its actual and constructive knowledge, failed to exercise reasonable care to prevent and correct promptly the harassment, and failed to provide an effective policy against the harassment.

14.    The motivating factors in the harassment/discrimination and adverse treatment of Parker by Winn-Dixie were that:

      a.    he is black; and

b.  he complained about racial discrimination and hostile environment harassment and filed a Charge of Discrimination.

15. The comments and treatment personally experienced by Parker, as well as the racially hostile atmosphere, were objectively offensive, severe and pervasive enough to alter the terms and conditions of Parker's employment, as envisioned by 42 U.S.C. § 2000e-2(a)(1) and section 760.10(1), Florida Statutes, and were perceived by Parker as being such.

16. The conduct of Winn-Dixie and its agents was so willful and wanton, and in such reckless disregard of the statutory rights of Parker as to entitle him to an award of exemplary damages to punish Winn-Dixie and to deter it and others from such conduct in the future.

17. As a direct, natural, proximate, and foreseeable result of the actions of Winn-Dixie and its agents, Parker was injured, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment, and other non-pecuniary losses.

18. The actions alleged above have caused, and continue to cause, irreparable harm to Parker, for which there is no full, complete or adequate remedy at law.

.

19. Parker is entitled to recover and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and section 760.11(5), Florida Statutes.

### Count I/Title VII/Race Discrimination

20. Parker realleges and adopts, as if fully set forth in this count, all of the allegations in ¶¶ 1 through 3, 4(a), 5 through 13, 14(a), and 15 through 19.

21. The acts more particularly alleged above violate Parker's rights against race discrimination, which discrimination is proscribed by § 703(a) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000e-2(a).

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court will:

a. issue a declaratory judgment that defendant, Winn-Dixie's, practices toward Parker violate Parker's rights under the anti-discrimination clauses of Title VII of the Civil Rights Act of 1964, as amended;

b. enter a judgment for Parker and against Winn-Dixie for compensatory and punitive damages;

c. grant Parker such other and further relief as the circumstances and law require and/or provide, including but not limited to back wages and seniority and prospective relief; and

  d. grant Parker his costs and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

## Count II/Title VII/Retaliation

22. Parker realleges and adopts, as if fully set forth in this count, all of the allegations in ¶¶ 1 through 3, 4(b), 5 through 13, 14(b), and 15 through 19.

23. The acts more particularly alleged above violate Parker's rights against retaliation for opposing acts made unlawful by Title VII, which retaliation is proscribed by § 704(a) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000e-3(a).

## Prayer for Relief

WHEREFORE, plaintiff prays that this Court will:

  a. issue a declaratory judgment that defendant, Winn-Dixie's, practices toward Parker violate Parker's rights under the opposition and participation clauses of Title VII of the Civil Rights Act of 1964, as amended;

  b. enter a judgment for Parker and against Winn-Dixie for compensatory and punitive damages;

  c. grant Parker such other and further relief as the circumstances and law require and/or provide, including but not limited to back wages and seniority and prospective relief; and

d.   grant Parker his costs and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

## **Count III/42 U.S.C. § 1981/Race Discrimination**

24.   Parker realleges and adopts, as if fully set forth in this count, all of the allegations in ¶¶ 1 through 3, 4(a), 5 through 13, 14(a), and 15 through 19.

25.   The actions of Winn-Dixie as alleged above had the purpose and effect of denying Parker the same right to make and enforce contracts as is enjoyed by non-black employees and violate Parker's rights under 42 U.S.C. § 1981 to make and enforce contracts without regard to his race.

## **Prayer for Relief**

WHEREFORE, plaintiff prays that this Court will:

a.   issue a declaratory judgment that the discrimination by defendant, Winn-Dixie, against Parker was a violation Parker's rights under 42 U.S.C. § 1981;

b.   enter a judgment for Parker and against Winn-Dixie for compensatory and punitive damages;

c.   grant Parker such other and further relief as the circumstances and law require and/or provide, including but not limited to back wages and seniority and prospective relief; and

    d.    grant Parker his costs and litigation expenses pursuant to 42 U.S.C. § 1988.

## Count IV/42 U.S.C. § 1981/Retaliation

26.    Parker realleges and adopts, as if fully set forth in this count, all of the allegations in ¶¶ 1 through 3, 4(b), and 5 through 13, 14(b), and 15 through 19.

27.    One or more of the acts and/or omissions more particularly alleged above were intentionally and retaliatorily motivated as a result of Parker's complaints of racial discrimination and/or hostile environment harassment; Winn-Dixie did not engage in such conduct toward employees who had not complained of discrimination/harassment on racial grounds.

28.    The actions of Winn-Dixie as alleged above violates Parker's rights under 42 U.S.C. § 1981, et seq.

## Prayer for Relief

WHEREFORE, plaintiff prays that this Court will:

    a.    issue a declaratory judgment that the retaliation by defendant, Winn-Dixie, against Parker was a violation Parker's rights under 42 U.S.C. § 1981;

    b.    enter a judgment for Parker and against Winn-Dixie for compensatory and punitive damages;

  c. grant Parker such other and further relief as the circumstances and law require and/or provide, including but not limited to back wages and seniority and prospective relief; and

  d. grant Parker his costs and litigation expenses pursuant to 42 U.S.C. § 1988.

### Count V/FCRA/Race Discrimination

29. Parker realleges and adopts, as if fully set forth in this count, all of the allegations in ¶¶ 1 through 3, 4(a), 5 through 13, 14(a), and 15 through 19.

30. The acts more particularly alleged above violate Parker's rights against race discrimination, which discrimination is proscribed by the Florida Civil Rights Act, section 760.10(1), Fla. Stat.

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court will:

  a. issue a declaratory judgment that defendant, Winn-Dixie's, practices toward Parker violate Parker's rights under the anti-discrimination clause of the Florida Civil Rights Act, Chapter 760, Florida Statutes;

  b. enter a judgment for Parker and against Winn-Dixie for compensatory and punitive damages;

  c. grant Parker such other and further relief as the circumstances and law require and/or provide, including but not limited to back wages, and seniority and prospective relief; and

  d. grant Parker his costs and litigation expenses pursuant to section 760.11(5), Fla. Stat.

### Count VI/FCRA/Retaliation

31. Parker realleges and adopts, as if fully set forth in this count, all of the allegations in ¶¶ 1 through 3, 4(b), 5 through 13, 14(b), and 15 through 19.

32. The acts more particularly alleged above violate Parker's rights against retaliation for opposing acts made unlawful by Title VII, which retaliation is proscribed by the Florida Civil Rights Act, section 760.10(7), Fla. Stat.

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court will:

  a. issue a declaratory judgment that defendant, Winn-Dixie's, practices toward Parker violate Parker's rights under the opposition and participation clauses of the Florida Civil Rights Act;

  b. enter a judgment for Parker and against Winn-Dixie for compensatory and punitive damages;

  c. grant Parker such other and further relief as the circumstances and law require and/or provide, including but not limited to back wages and seniority and prospective relief; and

  d. grant Parker his costs and litigation expenses pursuant to section 760.11(5), Fla. Stat.

## Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

Dated: January 25, 2000

       Respectfully Submitted,

       _____
       KAREN COOLMAN AMLONG
       Florida Bar No.: 275565
       JENNIFER DALEY
       Florida Bar No.: 0856436
       Amlong & Amlong, P.A.
       Attorneys for Plaintiff
       500 Northeast Fourth Street
       Second Floor
       Fort Lauderdale, FL 33301-1154
       (954)462-1983
       (954) 523-3192

G:\CP\HISTORY\1933\33.DOC