IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case Number: 00-6021-Civ-Gold/Simonton

GLENN PARKER

    Plaintiff,

vs.

WINN-DIXIE STORES, INC., a
Florida corporation,

    Defendant.
_____/

### Plaintiff's Response to Winn-Dixie's Motion for Extension of Time to Respond to Plaintiff's Initial Discovery

Plaintiff, Glenn Parker, responds to Winn-Dixie's Motion for Extension of Time to Respond to Plaintiff's Initial Discovery, and states as follows:

1. This is a race discrimination/retaliation action by Glenn Parker ("Parker"), against Winn-Dixie Stores, Inc. ("Winn-Dixie"). Parker, whom Winn-Dixie employed as a Selector, claims that Winn-Dixie, **One**, discriminated against him because of his race, **Two**, subjected him to a racially hostile work environment, and, **Three**, retaliated against him for having complained about what he reasonably perceived as racial discrimination and hostile environment harassment. Parker sues Winn-Dixie pursuant to Title VII of the Civil Rights Act





of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1981, and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. On February 3, 2000, Winn-Dixie was served with plaintiff's Amended Complaint, along with plaintiff's first request for admissions, first set of interrogatories (based on the standard interrogatories included in the appendix to this Court's local rules), and plaintiff's first request for production. Winn-Dixie's responses were due on March 4 and March 19 respectively.

3. On March 22, 2000, plaintiff agreed to an enlargement up to April 6, 2000, for defendant to serve its discovery responses, which were past due. Defendant has not, however, served any of the responses. Instead, on April 5, it served a motion for extension seeking to enlarge by 33 days (or until May 8) the deadline for it to respond to the initial discovery requests.

4. Plaintiff objects to the requested enlargement for two reasons.

**First,** while defendant now seeks an enlargement for yet another 33 days to serve its past due responses to plaintiff's initial discovery, it has, **One**, unilaterally set plaintiff's deposition for April 28, 2000,[1] and, **Two**, served on March 22, 2000, its first request for production and interrogatories, to which

---

[1] The notice was mailed on March 23, 2000.

plaintiff must respond by April 24, 2000 (well before defendant intends to respond to any of plaintiff's discovery requests).

**Second**, while, to date, defendant had over 60 days since service of plaintiff's initial discovery to respond to that discovery, it has not served a response to even one of the past due discovery requests.[2] Defendant should not be permitted to delay for yet another 30 days the time for serving its past due responses to plaintiff's discovery requests, and at the same time be permitted to continue to propound discovery requests on plaintiff and to take plaintiff's deposition before responding to even one of plaintiff's outstanding discovery requests.

WHEREFORE, plaintiff respectfully requests entry of an Order denying the motion for extension, and granting plaintiff such other and further relief as this Court deems appropriate.

---

[2]   With the requested extension, defendant will have over 90 days to serve its discovery responses.

Respectfully Submitted,

*[signature]*

KAREN COOLMAN AMLONG
Florida Bar No: 275565
JENNIFER DALEY
Florida Bar No: 0856436
Amlong & Amlong, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Second Floor
Fort Lauderdale, FL 33301-1154
(954)462-1983
(954)523-3192

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this 6th day of April, 2000 to Spencer H. Silverglate, Esq., Spencer Kuvin, Esq., Clarke, Silverglate, Williams & Montgomery, 100 N. Biscayne Blvd., Suite 2401, Miami, Florida 33132.

*[signature]*
JENNIFER DALEY

G:\CP\HISTORY\1933\68.DOC