UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6021-CIV-GOLD/SIMONTON

NIGHT BOX
FILED

AUG 2 3 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

GLENN PARKER,

    Plaintiff,

v.

WINN DIXIE STORES, INC.,
a Florida Corporation

    Defendant.

_____/

## MOTION TO AMEND AFFIRMATIVE DEFENSES AND MEMORANDUM OF LAW

Defendant, Winn-Dixie Stores, Inc. ("Winn-Dixie") pursuant to Fed.R.Civ.P. 15(a) and (d) and Local Rule 15.1 for the Southern District of Florida, hereby moves this Court for leave to amend its affirmative defenses. Pursuant to Local Rule 15.1 for the Southern District of Florida, the proposed Amended Answer and Affirmative Defenses is attached as Exhibit "A".

### Statement of Facts

On January 25, 2000, Plaintiff filed his amended complaint alleged discrimination and retaliation in violation of 42 U.S.C. § 2000e et.seq. ("Title VII"), 42 U.S.C. § 1981 ("1981") and Florida Statute 760.10 et.seq., Florida Civil Rights Act ("FCRA"). Plaintiff's deposition was taken on June 9, 2000. Plaintiff testified in deposition that he made misrepresentations on his application for employment at Winn-Dixie. On August 3, 2000, Plaintiff again admitted to these misrepresentations in response to



CASE NO. 00-6021-CIV-GOLD/SIMONTON

discovery.

Trial in this matter currently set for the two week calendar commencing April 9, 2001. According to the court's March 17, 2000, order setting pretrial and trial dates, all parties must file all non-dispositive pretrial motions by August 31, 2000. Winn-Dixie has contacted counsel for plaintiff who does not agree with the substance of Winn-Dixie's affirmative defense, but agrees that this motion is timely filed within the Court's deadline.

### Memorandum of Law

"The policy behind Federal Rule of Civil Procedure 15(a) is to freely allow amendments unless the rights of the adverse party would be unduly prejudiced." Thompson v. New York Life Ins. Co., 644 F.2d 439, 444 (5th Cir. 1981)[citing Foman v. Davis, 371 U.S. 178 (1962)]. "This policy is certainly strongest where the motion challenged is the first motion to amend." Id. at 444. Even where amendments to Defendants' answer and affirmative defenses are made days before pretrial conference and contradict previous denials, the amendment should be granted. Hargett v. Valley Federal Savings Bank, 60 F.3d 754 (11th Cir. 1995).

This is Winn-Dixie's first motion to amend its affirmative defenses. Trial is not scheduled for another seven months and Winn-Dixie's amendment involves issues which were based upon information known only to Plaintiff. These issues would require little to no additional discovery. Plaintiff only recently

CASE NO. 00-6021-CIV-GOLD/SIMONTON

confirmed the full extent of this information on August 3, 2000. Therefore, there is no conceivable prejudice to Plaintiff by this amendment. Accordingly, the amendment should be granted.

Respectfully submitted,

CLARKE SILVERGLATE WILLIAMS
  & MONTGOMERY
Attorneys for Winn-Dixie
100 N. Biscayne Blvd., #2401
Miami, Florida 33132
Telephone: 305/377-0700
Facsimile: 305/377-3001

By: _____
    Spencer H. Silverglate
    Florida Bar No. 769223
    Spencer T. Kuvin
    Florida Bar No. 089737

CASE NO. 00-6021-CIV-GOLD/SIMONTON

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 23d day of August 2000, to Jennifer Daley, Amlong & Amlong, P.A., 500 N.E. 4th Street, Second Floor, Ft. Lauderdale, Florida 33301-1154.

CLARKE SILVERGLATE WILLIAMS
& MONTGOMERY

By: _____
Spencer T. Kuvin

6-31/84061