IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Number: 00-6021-Civ-Gold/Simonton

FILED BY

OO AUG 31   PM 1: C5

CLERK U.S. DIST. CT.
S.D. OF FL.-MIAMI

GLENN PARKER,

　　Plaintiff,

vs.

WINN-DIXIE STORES, INC., a
Florida corporation,

　　Defendant.

_____/

### Plaintiff's Motion to Compel Regarding
### Plaintiff's Sixth Set of Interrogatories

Plaintiff, Glenn Parker, moves pursuant to Federal Rules of Procedure 26 and 37 for an order compelling discovery regarding defendant's objections and responses to plaintiff's sixth set of interrogatories, and for the reasonable expenses of preparing this motion.[1]

By filing and signing this motion, the undersigned counsel for plaintiff certifies pursuant to Local Rule 26.1(I) that she has been unable to resolve the disputed discovery matters extrajudicially, through correspondence and conference with opposing counsel, notwithstanding a good-faith effort to do so.[2]

---

[1]　Pursuant to Local Rule 26.1(B), attached are copies of: (1) Plaintiff's Sixth Set of Interrogatories, and (2) Winn-Dixie's Notice of Serving Responses to Plaintiff's Sixth Interrogatories.

[2]　If requested by the Court, the undersigned will provide copies of the correspondence between the parties pursuant to Local Rule 7.7.





## **Introduction: The Context of the Controversy**

This is a race discrimination/retaliation action by Glenn Parker ("Parker"),

against Winn-Dixie Stores, Inc. ("Winn-Dixie"). Parker, whom Winn-Dixie employed

as a Selector, claims that Winn-Dixie, **One**, discriminated against him because of his

race, **Two**, subjected him to a racially hostile work environment, and, **Three**,

retaliated against him for having complained about what he reasonably perceived as

racial discrimination and hostile environment harassment. Parker sues Winn-Dixie

pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act

of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1981, and the Florida

Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

On March 31, 2000, plaintiff received defendant's rule 16.1 disclosure,[3] which

listed the names of 55 witnesses without addresses, and without titles for some

witnesses. Plaintiff subsequently served his fifth set of interrogatories (attached as

Exhibit 4) requesting that defendant specify the area of knowledge for each witness

listed on its rule 16.1 disclosure. When plaintiff received defendant's answers to those

interrogatories (attached as Exhibit 5), the answers listed broad categories of

knowledge for substantially all of the witnesses, such as knowledge of unspecified

"behavioral problems" of plaintiff, knowledge of unspecified "disciplinary actions taken"

against plaintiff, and knowledge of unspecified "employment practices" of plaintiff. So,

plaintiff served his seventh set of interrogatories seeking, among other things,

additional information about those areas of knowledge specified in the responses to the

---

[3]     A copy of it is attached as Exhibit 3.

fifth set of interrogatories, other administrative charges filed against defendant, and benefits provided to plaintiff by defendant.

In an attempt to resolve this matter without Court intervention, plaintiff served defendant with a pre-motion to compel letter and a draft of this motion to compel, and requested that defendant contact plaintiff to determine whether the parties can resolve the outstanding issues. In the undersigned's conference with opposing counsel today, the parties agreed that the issues had to be resolve by a motion to compel. Because the parties were unable to resolve the issues addressed in this motion, plaintiff seeks to compel defendant to provide better answers to the interrogatories.

## **Memorandum of Law**

**Point 1:    Defendant improperly refused to answer an interrogatory regarding the identity of who was responding to the interrogatories, and provide a notarized signature page for the answers to the interrogatories (Interrogatory No. 1).**

**Interrogatory No. 1. What is the name and address of each person who is participating in answering these interrogatories and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?**

Defendant's response. N/A.

Plaintiff's argument in support of Interrogatory 1: Defendant's answer to this innocuous first question is illustrative of the stonewalling that plaintiff has encountered. Nothing in the Local Rules of this Court protects information about individuals answering interrogatories from discovery. Local Rule 26.1.G.2 provides:

> At the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge or information relevant to the subject matter of the action, the nature and substance of such knowledge, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant

documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature. Questions seeking the names of expert witnesses and the substance of their opinions may also be served. Interrogatories propounded in the form set forth in Appendix B to these rules shall comply with the limitations of this rule.

Local Rule 26.1.G.2 specifies, "During discovery, interrogatories other than those seeking information described in paragraph 2 above may only be served if they are a more practical method of obtaining the information sought than a request for production or a deposition." Both parties have already propounded initial interrogatories in the form set forth in Appendix B. Plaintiff has now propounded his sixth set of interrogatories — including this question about who had participated in answering them — for use, among other things, during depositions and at trial. To respond "N/A" to the names of  attorneys, support staff or representatives of defendant responding — especially since the answers are required to be signed  — is, simply, specious. Plaintiff is at a loss as to why defendant believes that the names of individuals answering interrogatories about the facts and issues involved in this case is not relevant, especially in cases such as this one where written discovery is typically served before depositions are taken to determine which witnesses need to be deposed in the case. Therefore, defendant should be compelled to answer this interrogatory.

Defendant also should be compelled to provide a notarized signature page for the answers to the interrogatories.  Federal Rule of Civil Procedure 33(a) clearly requires that answers to interrogatories be made "in writing under oath."

## Point 2.    Defendant's refusal to answer an interrogatory regarding the individual who replaced plaintiff. (Interrogatory 4)

Plaintiff's request and defendant's responses.

**Interrogatory No. 4.  If plaintiff was replaced by one or more individuals who performed all or part of plaintiff's job after plaintiff ceased employment with defendant, state with regard to each individual such his/her name, address, phone number, Social Security Number, title or job description and race.**

Defendant's response.  Winn-Dixie objects to this interrogatory to the extent that it exceed the scope of permissible interrogatories pursuant to Local Rule 26.1(G)(2) & 3 and Appendix B to the Local Rules. Further the information in this interrogatory can be more practically obtained through depositions.

Plaintiff's argument.    The standard provided by the Federal Rules of Civil

Procedure is that

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  The key phrase in this definition — "relevant to the subject

matter involved in the pending action" — has been construed broadly to encompass

any matter that bears on, or that reasonably could lead to other matter that could bear

on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437

U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

Further, as the Honorable Charles Richey has noted in discussing discovery

problems in the Title VII area,

Plaintiffs should be permitted a very broad scope of discovery in Title VII cases, *even in individual employee cases*.  Since direct evidence of discrimination is rarely obtainable, plaintiffs must rely on circumstantial evidence and statistical data, and evidence of an employer's overall employment practices may be essential to plaintiff's *prima facie* case.

C. RICHEY, Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts, A-26 (Federal Judicial Center rev. ed. 1986) (emphasis added).

The Eleventh Circuit has held that mere boilerplate objections to discovery requests, without more, are insufficient grounds upon which to withhold production of otherwise discoverable documents. See, e.g., Panola Land Buyer's Association v. Schuman, 762 F.2d 1550 (11th Cir. 1985) (denying request for protective order based on conclusory objection).

As noted in Point 1 above, this Court's Local Rule 26.1(G)(2) permits discovery of interrogatories seeking, among other things:

> names of witnesses with knowledge or information relevant to the subject matter of the action, the nature and substance of such knowledge, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature . . . .

In a race discrimination case such as this one, an interrogatory directed to the name, address and other background information regarding the person who replaced plaintiff is clearly relevant to the issues involved in the case. The interrogatory at issue also clearly falls with the above-quoted requirements of information permissible at the commencement of discovery, and clearly should be compelled here where it is being sought in plaintiff's sixth set of interrogatories. Because in discrimination cases the courts have allowed production of personnel files about a plaintiff's comparators, identification of the comparator (an initial step is obtaining such documents) is clearly relevant. See generally Coughin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991); Martin Marietta Corp., 522 F.2d 333, 334 (10th Cir. 1975). See also Stuart v. British Airways, P.L.C, Case No. 98-1778-Civ-Ungaro-Benages/Turnoff (race discrimination case where

the undersigned served requests for personnel documents of employees including comparators, and this Court ordered the defendant to produce the requested personnel files of plaintiff's co-workers, including his supervisors, subject to a confidentiality order. A true and correct copy of that Order is attached hereto as Exhibit 6.)

In light of this Court's 10-deposition limit, plaintiff should not have to take a deposition to discover the identity of his replacement, which information is more practically obtained through an interrogatory so that plaintiff can make an informed decision as to which of the 55 individuals listed on defendant's rule 16.1 disclosure should be deposed.

**Point 3.    Defendant's refusal to answer interrogatories regarding areas of knowledge identified with respect to witnesses listed on its rule 16.1 disclosure. (Interrogatory Nos. 5, 6, 7 and 8)**

Plaintiff's requests and defendant's responses.

**Interrogatory No. 5.    With respect to the "disciplinary actions" referenced [in] defendant's answers to plaintiff's fifth set of interrogatories, please state:**

**a. the date on which each "disciplinary action" was taken against plaintiff;**

**b. the form of each "disciplinary action" taken against plaintiff;**

**c. identify each person who participated in the decision to impose each "disciplinary action";**

**d. identify each document (e.g., personnel files, annual evaluations, ranking lists, memos, etc.) that was used and/or created during the decision making process, provided a basis for the decision, or was used in an after-the-fact analysis of the decision and state the name and present address of its custodian.**

Defendant's response. See Response to Interrogatory No. 4.

**Interrogatory No. 6.** If you contend that plaintiff was disciplined on each occasion by defendant for one or more legitimate, non-discriminatory reasons, state in detail:

a. each such legitimate, non-discriminatory reason for the action;

b. as to each legitimate, non-discriminatory reason set forth in your answer to Question 6.a above, what, if any, alternatives to the disciplinary actions were considered by defendant;

c. as to each legitimate, non-discriminatory reason set forth in your answer to Question 6.a above, what, if any, corrective action or progressive discipline was administered to plaintiff prior to the disciplinary action and the dates thereof;

d. as to each legitimate, non-discriminatory reason set forth in your answer to Question 6.a above, the first date on which defendant knew that plaintiff was aware that of the said legitimate, non-discriminatory reason.

e. With regard to your answers to Questions 6.a. through 6.d., above state the name, last known address, telephone number, social security number and date of birth of each person with knowledge of the facts summarized in your answer.

Defendant's response. See Response to Interrogatory No. 4.

**Interrogatory No. 7.** With respect to the "behavioral problems" referenced in defendant's answers to plaintiff's fifth set of interrogatories, please state:

a. the date on which each behavioral problem occurred;
b. the nature of each of the behavioral problem;
c. whether disciplinary action was taken against plaintiff because of each behavioral problem;
d. With regard to your answers to Questions 7.a. through 7.d., above state the name, last known address, telephone number, social security number and date of birth of each person with knowledge of the facts summarized in your answer.

Defendant's response. See Response to Interrogatory No. 4.

**Interrogatory No. 8.** **With respect to "plaintiff's employment practices" referenced in defendant's answers to plaintiff's fifth set of interrogatories, please state:**

**a. the date on which each employment practice occurred;**
**b. the nature of each of the employment practice;**
**c. whether disciplinary action was taken against plaintiff because of each employment practice;**
**d. With regard to your answers to Questions 8.a. through 8.d., above state the name, last known address, telephone number, social security number and date of birth of each person with knowledge of the facts summarized in your answer**

Defendant's response. See Response to Interrogatory No. 4.

Plaintiff's argument.    Plaintiff incorporates the argument made above with respect to Points 1 and 2, and further states as follows.

As discussed above, Local Rule 26.1(G)(2) permits at the commencement of discovery interrogatories regarding, among other things, the "nature and substance of knowledge" of witnesses identified by the parties.  So, in plaintiff's sixth's set of interrogatories, interrogatories requesting further information from defendant regarding the alleged "behavioral problems", "employment practices," and "disciplinary actions" known to each of over one half of 55 witnesses are clearly appropriate.  With the 10-deposition limit provided by the Local Rules, and the number of witnesses identified by defendant, it is simply not practical to wait until depositions are taken to discover that type of information about these matters.  Plaintiff needs further information about these areas of knowledge to determine which of the nearly 35 witnesses should be deposed.

**Point 4.**    **Plaintiff should not have to wait until depositions are taken to discover defendant's alleged legitimate, non-discriminatory reasons for alleged "disciplinary actions" taken against him. (Interrogatory 6)**

Plaintiff's requests and defendant's responses.

**Interrogatory No. 6.    If you contend that plaintiff was disciplined on each occasion by defendant for one or more legitimate, non-discriminatory reasons, state in detail:**

**a. each such legitimate, non-discriminatory reason for the action;**
**b. as to each legitimate, non-discriminatory reason set forth in your answer to Question 6.a above, what, if any, alternatives to the disciplinary actions were considered by defendant;**
**c. as to each legitimate, non-discriminatory reason set forth in your answer to Question 6.a above, what, if any, corrective action or progressive discipline was administered to plaintiff prior to the disciplinary action and the dates thereof;**
**d. as to each legitimate, non-discriminatory reason set forth in your answer to Question 6.a above, the first date on which defendant knew that plaintiff was aware that of the said legitimate, non-discriminatory reason.**
**e. With regard to your answers to Questions 6.a. through 6.d., above state the name, last known address, telephone number, social security number and date of birth of each person with knowledge of the facts summarized in your answer.**

Defendant's response. See Response to Interrogatory No. 4.

Plaintiff's argument.  Plaintiff incorporates the arguments made above with respect to Points 1, 2 and 3, and further states as follows.

Defendant should be compelled to answer interrogatories regarding any alleged legitimate, non-discriminatory reasons it contends it had for "disciplinary actions" it alleges to have taken against plaintiff, witnesses with knowledge of those reasons, and relevant documents related to the reasons.  Clearly, if such reasons exist, they existed as early as the dates that the decisions were made.  Plaintiff will be hampered (and

consequently prejudiced) in being forced to take depositions in a discrimination case

without being made aware of the alleged reasons for the decisions (and witnesses with

knowledge of the reasons) because he will have been effectively precluded from

performing any type of meaningful investigation or discovery regarding the alleged

reasons before the particular deposition at which defendant chooses to reveal the

reasons. The questions served upon defendant can be easily answered without any

undue burden to a defendant (that presumably had reasons in mind when making the

decisions) in the following manner as to the decision to discipline plaintiff

| a.<br>Reason? | b.<br>Alternatives considered? | c.<br>Corrective action or discipline imposed before decision made? | d.<br>When plaintiff became aware of the reasons? | e.<br>Witnesses with knowledge? |
|---|---|---|---|---|
| work performance | reprimand | None. | 1/1/97 | Steve Hollingsworth, Human Resources Manager, c/o Winn-Dixie |

**Point 5.**     **Defendant's objection to answering an interrogatory regarding other charges and complaints of discrimination made with respect to plaintiff's work location.  (Interrogatory 11)**

**Interrogatory No. 11. Has any administrative charge of discrimination (e.g., with the Equal Employment Opportunity Commission or and similar state or local agency), or any civil action alleging racial discrimination and/or retaliation, been filed against defendant, in the past five years with respect to the location where plaintiff worked?  If the answer is in the affirmative, identify the parties by name, address and phone number, identify the charge/action by case number and name and address of forum, and state the status of the charge and/or action.**

Defendant's Response. See Response to Interrogatory 4. Additionally, Winn-Dixie objects to this interrogatory as vague, overbroad, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's argument. Defendant should be compelled to provide better answers to these interrogatories for several reasons.

**First**, since this is a race discrimination/retaliation case, it follows that other charges and complaints of race discrimination/retaliation, as well as potential witnesses regarding them, are clearly probative of the existence of defendant's discrimination policies and its enforcement of them. In a similar case, Resnick v. American Dental Association, 90 F.R.D. 530, 541 (N.D. Ill. 1981), a sexual discrimination action, the district court recognized that reports of investigations by the EEOC and the Department of Labor satisfy the "reasonably calculated" standard of the Federal Rules of Civil Procedure, and are discoverable. Additionally, in Butta-Brinkman v. FCA International, Ltd., 164 F.R.D. 475, 476 (N.E. Ill. 1995), the court noted that

> Defendant argues that discovery in this matter should be limited to allegations of sexual harassment involving the plaintiff's alleged harasser, or allegations of harassment in the Lombard, Illinois office where Plaintiff was employed. However, even if a hostile work environment was created by Butta-Brinkman's co-worker, in order to hold FCA liable the plaintiff would still have to demonstrate that the company failed to take appropriate remedial action. See Doe v. R.R. Donnelley & Sons Co., 42 F.3d 439, 446 (7th Cir. 1994). While it is true that complaints about sexual harassment in other offices of FCA would not be relevant to show that plaintiff herself endured a hostile work environment, see Dellert v. Total Vision, Inc., 875 F. Supp. 506, 511 (N.D. Ill. 1995) ("Statements about which [the plaintiff] was unaware cannot have created a hostile environment."), **they may be probative of whether FCA's harassment policy was adequate**, see Phillip v. ANR Freight Sys., Inc., 945 F.2d 1054, 1056 (8th Cir. 1991). Accordingly, because allegations of harassment at other offices may be relevant to the plaintiff's case, this objection is overruled.

(Emphasis added.) Cf. also Schweitzer-Reschke v. Avnet, Inc., 881 F. Supp. 530, 532 (D. Kan. 1995) (evidence that defendant engages in acts of discrimination against others is admissible pursuant to rule 404(b) as evidence of specific motive or intent to discriminate). See also Phillips v. Smalley Maint. Svcs., 711 F.2d 1524 (11th Cir. 1983).

This Court also has compelled defendants to produce charges of discrimination and EEO information in other discrimination cases based on discovery requests substantially similar to those served upon defendant in this case. For example, in a race discrimination case where undersigned served identical discovery requests on an international airline, this court compelled the defendant to produce the requested documents. See Order entered in Stuart v. British Airways, Case No. 98-1778-Civ-Ungaro-Benages/Garber, attached hereto as Exhibit 6.

Plaintiff's interrogatory is not overbroad because it has been limited to charges/complaints made within a five-year period and limited to the locations where plaintiff worked. For a five-year period limited to the location where plaintiff worked, the information could not be so voluminous as to avoid discovery. As recognized in Resnick v. American Dental Association, 90 F.R.D. 530, 542 (N.D. Ill. 1981), defendant's conclusory assertion of burdensomeness is insufficient to preclude discovery:

> Absent greater concreteness this Court cannot accept ADA's characterization of the discovery sought. Second, Resnick properly points out that undue "burdensomeness" should not in this instance preclude discovery. Instead, under Rule 33(c) ADA's proper response to a demonstrably burdensome request should be to allow plaintiffs access to the relevant business records for examination, with any necessary copying at plaintiffs' expense.

**Point 6:**   **Defendant's refusal to answer interrogatories regarding its investigation of plaintiff's claims and rules and policies which it contends plaintiff violated. (Interrogatory Nos. 9 and 10)**

**Interrogatory No. 9.**   As to any investigation performed by or on behalf of the defendant concerning the allegations underlying the complaint:

a.   identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant (e.g., foreperson, human resources director, general counsel or outside counsel) any person(s) who conducted such an investigation;
b.   identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant any person(s) interviewed as part of that investigation;
c.   identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant any person to whom the results of that investigation were communicated;
d.   identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant any person(s) possessing either notes or a report of that investigation.

Defendant's Response.  See Response to Interrogatory 4.

**Interrogatory No. 10.**  As to any investigation performed by or on behalf of the defendant concerning any rule, regulation, policy, procedure, and/or standard of conduct that defendant assert(s) plaintiff violated:
a.   identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant (e.g., foreperson, human resources director, general counsel or outside counsel) any person who conducted such an investigation;
b.   identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant any person(s) interviewed as part of that investigation;
c.   identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant any person(s) to whom the results of that investigation were communicated;

> **d.   identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant any person(s) possessing either notes or a report of that investigation.**

Defendant's Response.  See Response to Interrogatory 4.

Plaintiff's argument.  Plaintiff incorporates his arguments made in Points 2, 3 4 and 5 above, and further states as follows.

In light of defendant's allegations that plaintiff had "behavioral problems," had engaged in certain "employment practices" and that defendant has taken disciplinary actions against plaintiff, the information requested in the interrogatory is clearly relevant to the issues involved in the case. The information also is clearly relevant to identify potential witnesses. Additionally, since one of plaintiff's claim is that he was subjected to a racially hostile work environment, and defendant has asserted a Faragher v. City of Boca Raton defense to that claim, the information is clearly discoverable.[4]  Alternatively, if defendant refuses to provide the information, it should be precluded from relying upon any investigation it conducted in support of such defense, or any other issues, at trial.

**Point 7.   Defendant's refusal to provide complete answers to plaintiff interrogatory regarding plaintiff's compensation and benefits after being notified that plaintiff could not determine the answers**

---

[4]Defendant's Answer states in pertinent part:

14. Winn-Dixie exercised reasonable care to prevent and correct promptly any workplace harassment or discrimination, and plaintiff failed to take advantage of Winn-Dixie's safeguards and to otherwise prevent harm that could have been avoided. See Faragher v. City of Boca Raton, 524 U.S. ___, 141 L.Ed. 2d 262 (1998).  Accordingly, plaintiff is barred from recovery herein.

**to interrogatories from the documents listed by defendant in its answers (Interrogatory No. 12).**

**Interrogatory No. 12.** **With regard to the each element of plaintiff's total compensation package, state the cost to defendant per year in actual dollars and as a percentage of plaintiff's total compensation.   Such elements include, but are not limited to salary, bonuses, commissions;  Social Security taxes (FICA and MICA); unemployment compensation and workers compensation taxes; contributions to defined benefit pension plans, defined contribution pension plans, 401(k) plans and/or profit sharing plans; stock bonuses, ESOPs, stock options; life insurance and death benefits, major medical/hospital insurance, retiree major medical/hospital insurance, short and long term disability insurance, dental insurance, vision care insurance; paid rest periods, holidays, vacations and sick leave; company discounts, employee education, child care and any other benefit or thing of value given by the defendant or received by plaintiff in exchange for the services performed by plaintiff while employed by defendant.**

Defendant's response. See response to Interrogatory No. 4.

Plaintiff's argument.  Plaintiff incorporates the arguments made above with respect to Points 2 through 5, and further states as follows.

As noted above, Local Rule 26.1(G)(2) permit a party to serve at the commencement of discovery, interrogatories concerning, among other things, "the computation of each category of damage alleged." Since this is a discrimination case where the back and front pay sought by plaintiff as damages clearly include the salary and benefits he received from defendant, the information requested by the interrogatory is clearly relevant.  The interrogatory also is clearly appropriate considering that this is plaintiff's sixth set of interrogatories, rather than his first, and this type of information is more practically obtained in an interrogatory such as this rather than during deposition.

In particular, defendant (who is familiar with its own internal codes and record keeping) is clearly in a better position to determine the answer to the interrogatory, and, therefore, should be compelled to provide the information, which it should be able to derive easily from its computerized data base and answer in a manner similar to the following:

| Year | Salary | Taxes | Profit sharing plans | Insurance | Total |
|------|--------|-------|----------------------|-----------|-------|
| 1995 | | | | | |
| 1996 | | | | | |
| 1997 | | | | | |
| 1998 | | | | | |

This Court also should summarily overrule defendant's objection and compel it to answer the interrogatory regarding plaintiff's salary and benefits.

## **Conclusion**

For the above stated reasons, plaintiff requests that this Court grant Plaintiff's Motion to Compel, enter an order permitting plaintiff follow-up discovery on the material ordered to be produced and disclosed, and award her attorneys' fees and expenses for having to move to compel defendant to produce documents that are clearly discoverable.

Respectfully submitted,

KAREN COOLMAN AMLONG
Florida Bar No: 275565
JENNIFER DALEY
Florida Bar No: 0856436
Amlong & Amlong, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street
Fort Lauderdale, FL 33301-1154
(954)462-1983

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this _____ day of August, 2000 to Spencer H. Silverglate, Esq., Spencer Kuvin, Esq., Clarke, Silverglate, Williams & Montgomery, 100 N. Biscayne Blvd., Suite 240q1, Miami, Florida 33132.

JENNIFER DALEY

G:\CP\HISTORY\1933\117.DOC

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Number: 00-6021-Civ-Gold/Simonton

GLENN PARKER,

    Plaintiff,

vs.

WINN-DIXIE STORES, INC., a
Florida corporation,

    Defendant.

_____/

## Plaintiff's Sixth Set of Interrogatories

Plaintiff, Glenn Parker, pursuant to Federal Rule of Civil Procedure 33, submits the following interrogatories to defendant, Winn Dixie. Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. A copy of the answers and objections, if any, shall be served upon the undersigned within 30 days after service of the interrogatories.



Amlong &
Amlong, P.A.

**EXHIBIT**
tabbies " 1 "

Page 1 of 2

_[signature]_

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
Second Floor
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(305) 462-1983

Dated: June 28, 2000

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served this date by U.S. Mail upon Spencer H. Silverglate, Esq., Spencer Kuvin, Esq., Clarke, Silverglate, Williams & Montgomery, 100 N. Biscayne Blvd., Suite 2401, Miami, Florida 33132.

_[signature]_

JENNIFER DALEY

G:\CP\HISTORY\1933\96.DOC

Page 2 of 2

### **Plaintiff's Sixth Set of Interrogatories to**
### **Defendant, Winn Dixie Stores, Inc.**

1.    What is the name and address of each person who is participating in answering these interrogatories and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.    As to each decision to deny plaintiff's application for promotion and/or transfer:

   a.    identify each person who participated in the decision;

b.    identify each document (e.g., personnel files, annual evaluations, ranking lists, memos, etc.) that was used and/or created during the decision making process, provided a basis for the decision, or was used in an after-the-fact analysis of the decision and state the name and present address of its custodian.

3.    If you contend that plaintiff was not promoted and/or transferred by defendant for one or more legitimate, non-discriminatory reasons, state in detail:

a.    each such legitimate, non-discriminatory reason for the action;

b.    as to each legitimate, non-discriminatory reason set forth in your answer to Question 3.a above, what, if any, alternatives to promotion and/or transfer were considered by defendant;

c.    as to each legitimate, non-discriminatory reason set forth in your answer to Question 3.a above, what, if any, corrective action or progressive discipline was administered to plaintiff prior to the decision  and the dates thereof;

d.    as to each legitimate, non-discriminatory reason set forth in your answer to Question 3.a above, the first date on which defendant knew that plaintiff was aware that of the said legitimate, non-discriminatory reason.

e.     With regard to your answers to Questions 3.a. through 3.d., above state the name, last known address, telephone number, social security number and date of birth of each person with knowledge of the facts summarized in your answer.

4.     If plaintiff was replaced by one or more individuals who performed all or part of plaintiff's job after plaintiff ceased employment with defendant, state with regard to each such individual his/her name, address, phone number, Social Security Number, title or job description and race.

5.    With respect to the "disciplinary actions" referenced defendant's answers to plaintiff's fifth set of interrogatories, please state:

    a.    the date on which each "disciplinary action" was taken against plaintiff;

    b.    the form of each "disciplinary action" taken against plaintiff;

    c.    identify each person who participated in the decision to impose each "disciplinary action";

         d.    identify each document (e.g., personnel files, annual evaluations, ranking lists, memos, etc.) that was used and/or created during the decision making process, provided a basis for the decision, or was used in an after-the-fact analysis of the decision and state the name and present address of its custodian.

        6.    If you contend that plaintiff was disciplined on each occasion by defendant for one or more legitimate, non-discriminatory reasons, state in detail:

         a.    each such legitimate, non-discriminatory reason for the action;

b.    as to each legitimate, non-discriminatory reason set forth in your answer to Question 6.a above, what, if any, alternatives to the disciplinary actions were considered by defendant;

c.    as to each legitimate, non-discriminatory reason set forth in your answer to Question 6.a above, what, if any, corrective action or progressive discipline was administered to plaintiff prior to the disciplinary action and the dates thereof;

d.    as to each legitimate, non-discriminatory reason set forth in your answer to Question 6.a above, the first date on which defendant knew that plaintiff was aware that of the said legitimate, non-discriminatory reason.

e.    With regard to your answers to Questions 6.a. through 6.d., above state the name, last known address, telephone number, social security number and date of birth of each person with knowledge of the facts summarized in your answer.

7.    With respect to the "behavioral problems" referenced in defendant's answers to plaintiff's fifth set of interrogatories, please state:

a.    the date on which each behavioral problem occurred;

    b.    the nature of each of the behavioral problem;

    c.    whether disciplinary action was taken against plaintiff because of each behavioral problem;

    d.    With regard to your answers to Questions 7.a. through 7.d., above state the name, last known address, telephone number, social security number and date of birth of each person with knowledge of the facts summarized in your answer.

8.    With respect to "plaintiff's employment practices" referenced in defendant's answers to plaintiff's fifth set of interrogatories, please state:

a.    the date on which each employment practice occurred;

b.    the nature of each of the employment practice;

c.    whether disciplinary action was taken against plaintiff because of each employment practice;

     d.    With regard to your answers to Questions 8.a. through 8.d., above state the name, last known address, telephone number, social security number and date of birth of each person with knowledge of the facts summarized in your answer

    9.    As to any investigation performed by or on behalf of the defendant concerning the allegations underlying the complaint:

    a.    identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant (e.g., foreperson, human resources director, general counsel or outside counsel) any person(s) who conducted such an investigation;

b.    identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant any person(s) interviewed as part of that investigation;

c.    identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant any person to whom the results of that investigation were communicated;

d.    identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant any person(s) possessing either notes or a report of that investigation.

10.    As to any investigation performed by or on behalf of the defendant concerning any rule, regulation, policy, procedure, and/or standard of conduct that defendant assert(s) plaintiff violated:

a.    identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant (e.g., foreperson, human resources director, general counsel or outside counsel) any person who conducted such an investigation;

b.    identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant any person(s) interviewed as part of that investigation;

c.  identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant any person(s) to whom the results of that investigation were communicated;

d.  identify by name, address at which he or she can be subpoenaed as a witness, telephone number, relationship to the defendant any person(s) possessing either notes or a report of that investigation.

11. Has any administrative charge of discrimination (e.g., with the Equal Employment Opportunity Commission or and similar state or local agency), or any civil action alleging racial discrimination and/or retaliation, been filed against defendant, in the past five years with respect to the location where plaintiff worked? If the answer is in the affirmative, identify the parties by name, address and phone number, identify the charge/action by case number and name and address of forum, and state the status of the charge and/or action.

12.    With regard to the each element of plaintiff's total compensation package, state the cost to defendant per year in actual dollars and as a percentage of plaintiff's total compensation.   Such elements include, but are not limited to salary, bonuses, commissions;  Social Security taxes (FICA and MICA); unemployment compensation and   workers compensation taxes; contributions to  defined benefit pension plans, defined contribution pension plans, 401(k) plans and/or profit sharing plans; stock bonuses, ESOPs, stock options; life insurance and death benefits, major medical/hospital insurance, retiree major medical/hospital   insurance, short and long term disability insurance, dental insurance, vision care insurance; paid rest periods, holidays, vacations and sick leave; company discounts, employee education, child care and any other benefit or thing of value given by the defendant or received by plaintiff in exchange for the services performed by plaintiff while employed by defendant.

<u>Winn Dixie Stores, Inc.</u>

By: _____

As: _____

State of Florida        )

County of               )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized to administer oaths, personally appeared in the county and state aforesaid __

_____, the _____ of <u>Winn Dixie Stores,</u>

<u>Inc.</u> , who is personally known to me/identified himself or herself through ___

_____, and who, after being sworn, says that the

foregoing answers are true and correct of his/her own personal knowledge.

IN WITNESS WHEREOF I set my signature and official seal this _____ day

of July, 2000.

_____
NOTARY PUBLIC

My commission expires:

I HEREBY CERTIFY that a true and correct copy of the foregoing answers

to interrogatories was served by _____ upon Karen Coolman Amlong,

Esquire, AMLONG & AMLONG, P.A., 500 Northeast Fourth Street, Second Floor,

Fort Lauderdale, Florida  33301 this _____ day of July, 2000.

G:\CP\HISTORY\1933\96.DOC

_____

**Exhibit 2**

RECEIVED
AUG 0 4 2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6021-CIV-GOLD/SIMONTON

GLENN PARKER,

    Plaintiff,

v.

WINN DIXIE STORES, INC.,
a Florida Corporation

    Defendant.

_____/

**WINN-DIXIE'S NOTICE OF SERVING
RESPONSES TO PLAINTIFF'S
SIXTH INTERROGATORIES**

    Defendant, Winn-Dixie Stores, Inc. (Winn-Dixie), hereby gives

notice of serving its unexecuted responses to plaintiff's sixth

interrogatories served on June 28, 2000.

Respectfully submitted,

CLARKE SILVERGLATE WILLIAMS
    & MONTGOMERY
Attorneys for Winn-Dixie
Suite 2401, New World Tower
100 N. Biscayne Boulevard
Miami, Florida 33132
Telephone: (305) 377-0700
Facsimile: (305) 377-3001

By:_____
    Spencer H. Silverglate
    Florida Bar No. 769223
    Spencer T. Kuvin
    Florida Bar No. 089737



EXHIBIT
" 2 "

CLARKE SILVERGLATE WILLIAMS & MONTGOMERY
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this **3rd** day of August, 2000, to Jennifer Daley, Amlong & Amlong, P.A. , 500 N.E. 4th Street, Second Floor, Ft. Lauderdale, Florida 33301-1154.

CLARKE SILVERGLATE WILLIAMS
& MONTGOMERY

By: _____
    Spencer T. Kuvin

#6-13/40832.1

## General Objections

1.     Winn-Dixie objects to plaintiff's interrogatories to the extent that they require its employees to expend time and effort researching voluminous records and computer data bases to search for responsive information.  Such information will be made available only if plaintiff agrees to reimburse Winn-Dixie for the reasonable costs incurred in connection therewith.

2.     Winn-Dixie objects to plaintiff's interrogatories to the extent they seek information protected from discovery by the work product doctrine or by a privilege, including, but not limited to, the attorney-client, joint defense or self-critical analysis privileges.

3.     Winn-Dixie objects to plaintiff's interrogatories to the extent they seek information not within the care, custody or control of Winn-Dixie.  Winn-Dixie construes the term "you," "your" or "defendant" to mean only Winn-Dixie Stores, Inc.  Winn-Dixie does not respond on behalf of any individuals or entities other than Winn-Dixie Stores, Inc., such as agents, representatives, parent companies, subsidiaries or affiliates.

4.     Winn-Dixie objects to any direct contact or ex-parte communications with its employees and managers, past or present, except as allowed under the Federal Rules of Civil Procedure.

5.     These general objections are incorporated by reference in each of the responses as set forth below.

By providing information or documents in response to this discovery request, Winn-Dixie does not stipulate or otherwise admit that any such information or documents is relevant or admissible. Winn-Dixie expressly reserves all objections to the admission of such information provided by the Federal Rules of Evidence and Civil Procedure.

## Specific Responses

1.   N/A

2.   a.   Winn-Dixie objects to this interrogatory to the extent
         that it exceed the scope of permissible interrogatories
         pursuant to Local Rule 26.1(G)(2) and Appendix B to the
         Local    Rules.    Further   the   information   in   this
         interrogatory can be more practically obtained through
         depositions.  Notwithstanding that objection and without
         waiving it, plaintiff never submitted a job request for
         a promotion to fork lift driver.

     b.   See response to interrogatory 2a.

3.   a.   See response to interrogatory 2a.

     b.   See response to interrogatory 2a.

     c.   See response to interrogatory 2a.

     d.   See response to interrogatory 2a.

     e.   See response to interrogatory 2a.

4.   Winn-Dixie objects to this interrogatory to the extent that it
     exceed the scope of permissible interrogatories pursuant to
     Local Rule 26.1(G)(2) & (3) and Appendix B to the Local Rules.
     Further the information in this interrogatory can be more
     practically obtained through depositions.

5.   a.   See response to interrogatory 4.

     b.   See response to interrogatory 4.

     c.   See response to interrogatory 4.

     d.   See response to interrogatory 4.

6.   a.   See response to interrogatory 4.

     b.   See response to interrogatory 4.

     c.   See response to interrogatory 4.

     d.   See response to interrogatory 4.

     e.   See response to interrogatory 4.

7.   a.   See response to interrogatory 4.

     b.   See response to interrogatory 4.

     c.   See response to interrogatory 4.

     d.    See response to interrogatory 4.

8.    a.    See response to interrogatory 4.

     b.    See response to interrogatory 4.

     c.    See response to interrogatory 4.

     d.    See response to interrogatory 4.

9.    a.    See response to interrogatory 4.

     b.    See response to interrogatory 4.

     c.    See response to interrogatory 4.

     d.    See response to interrogatory 4.

10.    a.    See response to interrogatory 4.

     b.    See response to interrogatory 4.

     c.    See response to interrogatory 4.

     d.    See response to interrogatory 4.

11.    See response to interrogatory 4.  Additionally, Winn-Dixie objects to this interrogatory as vague, overbroad, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

12.    See response to interrogatory 4.

**Exhibit 3**

RECEIVED
MAR 3 1 2000
- - - - - - - - - - - - - - - -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6021-CIV-GOLD/SIMONTON

GlENN PARKER,

    Plaintiff,

v.

WINN DIXIE STORES, INC.,
a Florida Corporation

    Defendant.

_____/

## WINN-DIXIE'S RULE 16.1 DISCLOSURE

    Defendant, Winn-Dixie Stores, Inc. (Winn-Dixie), submits the following disclosures pursuant to Federal Rule of Procedure 16.1, and this court's January 14, 2000, order.

### Witnesses

1.    Glenn F. Parker

2.    Randall S. Bazal
    Former Personnel Trainer at Winn Pompano Service Center.

3.    J. Rick Garmon

4.    Barbara Vanzant

5.    Mr. R.J. Ehster

6.    David M. Hawes
    Superintendent at Winn-Dixie Pompano Perishables

7.    Richard R. Tourville
    Winn-Dixie Safety Manager, Miami Division

8.    Barbara Turner
    Winn-Dixie Corporate Claims Supervisor

9.    Freddie Stringer

10.    Steve Hollingsworth
    Winn-Dixie Human Resources

CLARKE SILVERGLATE WILLIAMS & MONTGOMERY
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

EXHIBIT
" 3 "
_____

11. Gary L. Dean
    Winn-Dixie Warehouse Service Superintendent
    Pompano Warehouse, Miami Division

12. Mrs. Betty Little
    Broward County Human Rights Division

13. Ms. Eileen Suchma
    Broward County Human Rights Division

14. Richard Frazier

15. Yolanda Thompson
    Winn-Dixie Security

16. J.P. Brogan
    Winn-Dixie Security

17. Eric Reid
    Promoted to perishable lift driver

18. John Ruggiero
    Promoted to perishable lift driver

19. Quentin Livingston
    Promoted to perishable lift driver

20. David Powell
    Promoted to perishable lift driver

21. Matthew Covey
    Promoted to perishable lift driver

22. Armondo Izquierdo
    Promoted to perishable lift driver

23. T. Donahue
    Winn-Dixie Receiving Supervisor

24. M. Gilbert
    Winn-Dixie Receiving Supervisor

25. G. Singletary
    Winn-Dixie Training Supervisor

26. K. Hawkinson
    Winn-Dixie Shipping Supervisor

27. B. Turnier
    Winn-Dixie Shipping Supervisor

28. C. Stokes

Winn-Dixie Inventory Control Supervisor

29. R. Bryant
Winn-Dixie Perishable Selector

30. J. Coppock
Winn-Dixie Perishable Selector

31. A. Habersham
Winn-Dixie Perishable Selector

32. M. Harris
Winn-Dixie Perishable Selector

33. L. Jones
Winn-Dixie Perishable Selector

34. J. Lares
Winn-Dixie Perishable Selector

35. L. McFarlane
Winn-Dixie Perishable Selector

36. C. Nunez
Winn-Dixie Perishable Selector

37. B. Oliphant
Winn-Dixie Perishable Selector

38. L. Rorie
Winn-Dixie Perishable Selector

39. K. Rucker
Winn-Dixie Perishable Selector

40. D. Sanders
Winn-Dixie Perishable Selector

41. N. Sevilla
Winn-Dixie Perishable Selector

42. N. Shelton
Winn-Dixie Perishable Selector

43. S. Simpkins
Winn-Dixie Perishable Selector

44. M. Williams
Winn-Dixie Perishable Selector

45. B. Woodard
Winn-Dixie Perishable Selector

46. L. Chambers

Winn-Dixie Forklift Drivers

47.  K. Edwards
     Winn-Dixie Forklift Drivers

48.  J. Holmes
     Winn-Dixie Forklift Drivers

49.  Q. Livingston
     Winn-Dixie Forklift Drivers

50.  I. Lymon
     Winn-Dixie Forklift Drivers

51.  R. Morgan
     Winn-Dixie Forklift Drivers

52.  D. Powell
     Winn-Dixie Forklift Drivers

53.  M. Covey
     Winn-Dixie Forklift Drivers

54.  E. Reid
     Winn-Dixie Forklift Drivers

55.  J. Ruggiero
     Winn-Dixie Forklift Drivers

56.  All witnesses listed in plaintiff's rule 16.1 disclosure
     and answers to interrogatories.

### Documents

| Bates No. | Description |
| --- | --- |
| 000001-0000019 | Winn-Dixie You and Your Job handbook - Retail Support Center. |
| 0000020-0000033 | Winn-Dixie Profit Sharing/401K Plan. |
| 0000034 | Retail Location Policies Poster. |
| 0000035 | Equal Employment Opportunity is The Law Poster - version 1. |
| 0000036 | Equal Employment Opportunity is The Law Poster - version 2. |
| 0000037 | If Things Go Wrong Poster. |
| 0000038 | General Information computer printout for Glenn F. Parker. |

| 0000039 | Fax copy of General Information computer printout for Glenn F. Parker. |
| --- | --- |
| 0000040 | Job History computer printout for Glenn Parker. |
| 0000041 | Descriptive Restrictions Chart for Glenn Parker. |
| 0000042 | Winn-Dixie application complete form for Glenn Parker. |
| 0000043-0000045 | Application for employment by Glenn Parker. |
| 0000046 | New associate indoctrination report for Glenn Parker. |
| 0000047 | Federal Wage and Hour requirement form for Glenn Parker. |
| 0000048 | Application kit fold out form for Glenn Parker. |
| 0000049 | TJTC Forms Application Insert for Glenn Parker. |
| 0000050 | Employment Eligibility Verification form for Glenn Parker. |
| 0000051 | Associate Honesty form for Glenn Parker. |
| 0000052 | Long term disability form and W-4 for Glenn Parker. |
| 0000053 | Inter-Company memorandum regarding drug screen policy. |
| 0000054 | Safe Job Introduction form for Glenn Parker. |
| 0000055-0000056 | Drug test results for Glenn Parker. |
| 0000057 | Associate consent to drug test for Glenn Parker. |
| 0000058 | Copy of drivers license for Glenn Parker. |
| 0000059 | Receipt for application for social security number for Glenn Parker. |
| 0000060 | Authorization for release of information for Glenn Parker. |
| 0000061 | Winn-Dixie Intercompany Memorandum regarding human resources development programs - job posting. |
| 0000062 | Associate Action line poster. |

| 0000063 | Job Posting procedures for retail support center. |
|---|---|
| 0000064 | Job Request Form for Job Posting Notice. |
| 0000065 | Job Request System - Warehouse Facility. |
| 0000066 | Winn-Dixie Career Opportunities Job Request System explanation. |
| 0000067 | Job Request Form. |
| 0000068-0000069 | Pompano Job Posting and Job Biding Meeting sign in sheet for July 1993. |
| 0000070-0000072 | Pompano Job Posting sign in sheet for December 1995. |
| 0000073-0000075 | Pompano Job request meeting sign in sheet for January 1997. |
| 0000076-0000078 | Glenn Parker Charge of Discrimination EM-324-6-97/15A970410 |
| 0000079 | September 8, 1997, Job Posting Notice for produce forklift operator. |
| 0000080 | Glenn Parker report of injury or illness. |
| 0000081 | Associate incident investigation for Glen Parker. |
| 0000082 | October 22, 1997, letter from Orthopaedic Associates regarding Glenn Parker. |
| 0000083 | Glenn Parker human resources change form. |
| 0000084 | November 26, 1997, letter from Orthopaedic Associates regarding Glenn Parker. |
| 0000085 | Maximum Medical Improvement/Permanent Impairment Determination Certification form for Glenn Parker. |
| 0000086 | February 16, 1998, letter from Jonathan Keller to Misty Allen. |
| 0000087 | Notice of associate absent due to job-related injury form for Glenn Parker. |
| 0000088 | April 22, 1998, letter from Dr. Neil Schechter regarding Glenn Parker. |
| 0000089 | July 6, 1998, functional capacity assessment for Glenn Parker. |
| 0000090 | Resignation letter from Glenn Parker. |

| 0000091 | Winn-Dixie human resources change form for Glenn Parker. |
|---|---|
| 0000092 | Glenn Parker's Charge of Discrimination (EM-256-10-98/15A990023). |
| 0000093 | Notice of Charge of Discrimination and request for information (EM-256-10-98/15A990023). |
| 0000094-0000095 | Letter from Neurological Surgery Associates re: Glenn Parker. |
| 0000096 | Medical notes from MD Sarahr and MD Janets re: Glenn Parker. |
| 0000097 | Medical notes from MD Janets and EX Freddies re: Glenn Parker. |
| 0000098 | June 25, 1999, Order of Determination on charge EM-324-6-97/15A970410 from Broward County Human Rights Division. |
| 0000099 | June 29, 1999, Order of Determination on charge EM-256-10-98/15A990023 from Broward County Human Rights Division. |
| 0000100-0000101 | Dismissal and Notice of Rights from EEOC on charge EM-256-10-98/15A990023. |
| 0000102-000103 | Dismissal and Notice of Rights from EEOC on charge EM-324-6-97/15A970410. |

CLARKE SILVERGLATE WILLIAMS
& MONTGOMERY
Attorneys for Winn-Dixie
Suite 2401, New World Tower
100 N. Biscayne Boulevard
Miami, Florida  33132
Telephone: (305) 377-0700
Facsimile: (305) 377-3001


By: _____
Spencer H. Silverglate
Florida Bar No. 769223
Spencer T. Kuvin
Florida Bar No. 089737

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 30th day of March, 2000, to Jennifer Daley, Amlong & Amlong, P.A. , 500 N.E. 4th Street, Second Floor, Ft. Lauderdale, Florida 33301-1154.

CLARKE SILVERGLATE WILLIAMS
& MONTGOMERY

By: _____
Spencer T. Kuvin

46-31/76235

**Exhibit 4**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case Number: 00-6021-Civ-Gold/Simonton

GLENN PARKER,

      Plaintiff,

vs.

WINN-DIXIE STORES, INC.,

      Defendant.

_____/

### Plaintiff's Fifth Set of Interrogatories

Plaintiff, Glenn Parker, pursuant to Federal Rule of Civil Procedure 33, submits the following interrogatories to defendant, Winn-Dixie Stores, Inc. Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. A copy of the answers and objections, if any, shall be served upon the undersigned within 30 days after service of the interrogatories.



Page 1 of 19

_(signature)_

KAREN COOLMAN AMLONG
Florida Bar Number 275565
JENNIFER DALEY
Florida Bar Number 0856436
AMLONG & AMLONG, P.A.
Attorneys for Plaintiff
Second Floor
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 462-1983

Dated: April 5, 2000

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served on this date upon: Spencer Silverglate, Esq., Spencer Kuvin, Esq., Clarke, Silverglate, Williams & Montgomery, 100 N. Biscayne Blvd., No. 2401, Miami, FL 33132.

_(signature)_

JENNIFER DALEY

G:\CP\HISTORY\1933\64.DOC

## DEFINITIONS

a.    The words "you," "yours" and/or "yourselves" means each defendant answering these interrogatories and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of said defendant.

b.    The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

c.    "Date: shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon the relationship with other events).

d.    The word "document" shall mean any writing, recording, photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: writings, drawings, graphs, charts, photographs, phonorecords, correspondence, e-mails, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, tape recordings and other data compilations from which information can be obtained, translated, if necessary, by defendant through detection devices into reasonable usable form.

e.    "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

f.    "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

g.    The words "pertain to" or "pertaining to" mean: relates to, refers to contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

h.    The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

i.    The term "action" shall mean the case entitled **Parker v. Winn-Dixie Stores, Inc.**, Case Number 00-6021-Civ-Gold/Simonton pending in the United States District Court for the Southern District of Florida.

j.    The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, e-mail,  data base, memorandum, facsimile, etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

## INSTRUCTIONS

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information pursuant to Southern District of Florida Local Rule 26.1.G.6(b), unless divulging the information would disclose the privileged information:

(1)    the nature of the privilege claimed (including work product);

(2)    if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3)    the date of the document or oral communication;

(4)    if a document:  its type (i.e., correspondence, e-mail, data base, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relation ship between the author and addressee;

(5)    if an oral communication:  the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6)    the general subject matter of the document or oral communication.

You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Federal Rule of Civil Procedure 26(e).[1]

---

[1]    Federal Rule of Civil Procedure 26(e) provides in pertinent part:

**(e)   Supplementation of Disclosures and Responses.** A party who has . . . responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired . . . in the following circumstances:

\*    \*    \*

(2)   A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

**Plaintiff's Fifth Set of Interrogatories to
Defendant, Winn-Dixie Stores, Inc.**

1.      What is the name and address of each person who is participating in answering these interrogatories and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.    With respect to the following individuals listed on Winn-Dixie's Rule 16.1 Disclosure, please state what knowledge or information defendant believes each witness has pertaining to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter of this action; and where applicable, the witness's first name.

     a.    Randall S. Bazal

     b.    J.P. Brogan

     c.    R. Bryant

     d.    L. Chambers

     e.     J. Coppock

     f.     M.  Covey

     g.     Matthew Covey

     h.     Gary L. Dean

     i.     T. Donahue

j.     K. Edwards

k.     J. Rick Garmon

l.     M. Gilbert

m.     Mr. R. J. Esther

n.     Richard Frazier

o.    A. Habersham

p.    M. Harris

q.    David M. Hawes

r.    K. Hawkinson

s.    Steve Hollingsworth

t.    J. Holmes

u.    Armondo Izquierdo

v.    L. Jones

w.    J. Lares

x.    Betty Little

y.    Quentin Livingston

z.    I. Lymon

aa.    L. McFarlane

bb.    R. Morgan

cc.  C. Nunez

dd.  B. Oliphant

ee.  David Powell

ff.  E. Reid

gg.   Eric Reid

hh.   L. Rorie

ii.   K. Rucker

jj.   J. Ruggiero

kk.    John Ruggerio

ll.    D. Sanders

mm.    N. Sevilla

nn.    N. Shelton

oo.    G. Singletary

pp.    C. Stokes

qq.    Freddie Stringer

rr.    Eileen Suchma

ss.    Yolanda Thompson

tt.    Richard R. Tourville

uu.   Barbara Turner

vv.   B. Turnier

ww.   B. Vanzant

xx.   M. Williams

**Winn-Dixie Stores, Inc.**

By: _____

As: _____

State of Florida        )

County of              )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized to administer oaths, personally appeared in the county and state aforesaid __ _____, the _____ of **Winn-Dixie Stores, Inc.**, who is personally known to me/identified himself or herself through _____, and who, after being sworn, says that the foregoing answers are true and correct of his/her own personal knowledge.

IN WITNESS WHEREOF I set my signature and official seal this _____ day of _____ 2000.

_____

NOTARY PUBLIC

My commission expires:

I HEREBY CERTIFY that a true and correct copy of the foregoing answers to interrogatories was served by _____ upon Karen Coolman Amlong, Esquire, AMLONG & AMLONG, P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, Florida 33301 this _____ day of _____, 2000.

_____

Page 19 of 19

**Exhibit 5**

RECEIVED
JUN 2 9 2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6021-CIV-GOLD/SIMONTON


GLENN PARKER,

    Plaintiff,

v.

WINN DIXIE STORES, INC.,
a Florida Corporation

    Defendant.

_____/

**WINN-DIXIE'S NOTICE OF SERVING
RESPONSES TO PLAINTIFF'S
FIFTH INTERROGATORIES**

Defendant, Winn-Dixie Stores, Inc. (Winn-Dixie), hereby gives
notice of serving its unexecuted responses to plaintiff's fifth
interrogatories served on April 5, 2000.


Respectfully submitted,

CLARKE SILVERGLATE WILLIAMS
  & MONTGOMERY
Attorneys for Winn-Dixie
Suite 2401, New World Tower
100 N. Biscayne Boulevard
Miami, Florida  33132
Telephone: (305) 377-0700
Facsimile: (305) 377-3001


By:_____
    Spencer H. Silverglate
    Florida Bar No. 769223
    Spencer T. Kuvin
    Florida Bar No. 089737



EXHIBIT

" 5 "
_____

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 28th day of June, 2000, to Jennifer Daley, Amlong & Amlong, P.A. , 500 N.E. 4th Street, Second Floor, Ft. Lauderdale, Florida 33301-1154.

CLARKE SILVERGLATE WILLIAMS
& MONTGOMERY

By: _____
Spencer T. Kuvin

#6-13/40832.1

## General Objections

1.     Winn-Dixie objects to plaintiff's interrogatories to the extent that they require. its employees to expend time and effort researching voluminous records and computer data bases to search for responsive information.  Such information will be made available only if plaintiff agrees to reimburse Winn-Dixie for the reasonable costs incurred in connection therewith.

2.     Winn-Dixie objects to plaintiff's interrogatories to the extent they seek information protected from discovery by the work product doctrine or by a privilege, including, but not limited to, the attorney-client, joint defense or self-critical analysis privileges.

3.     Winn-Dixie objects to plaintiff's interrogatories to the extent they seek information not within the care, custody or control of Winn-Dixie.  Winn-Dixie construes the term "you," "your" or "defendant" to mean only Winn-Dixie Stores, Inc.  Winn-Dixie does not respond on behalf of any individuals or entities other than Winn-Dixie Stores, Inc., such as agents, representatives, parent companies, subsidiaries or affiliates.

4.     Winn-Dixie objects to any direct contact or ex-parte communications with its employees and managers, past or present, except as allowed under the Federal Rules of Civil Procedure.

5.     These general objections are incorporated by reference in each of the responses as set forth below.

By providing information or documents in response to this discovery request, Winn-Dixie does not stipulate or otherwise admit that any such information or documents is relevant or admissible. Winn-Dixie expressly reserves all objections to the admission of such information provided by the Federal Rules of Evidence and Civil Procedure.

## Specific Responses

1.  Steve Hollingsworth
    Human Resources
    c/o Winn-Dixie Stores, Inc.
    With the assistance of counsel.

2.  a.  Randall S. Bazal

    Has knowledge regarding plaintiff's employment, and Winn-Dixie's policies, including but not limited to its job posting and job requests, and practices.

    b.  James P. Brogan

    Brogan is the head of security at Winn-Dixie and has knowledge of plaintiff's employment, behavioral problems, disciplinary actions taken and Winn-Dixie's policies and practices.

    c.  R. Bryant

    Bryant has knowledge of plaintiff's employment, behavioral problems, disciplinary actions taken and Winn-Dixie's policies and practices.

    d.  Lionel Chambers

    Chambers was a co-worker of plaintiff's and has knowledge regarding plaintiff's employment practices, behavioral problems, and Winn-Dixie's policies and practices.

    e.  J. Coppock

    Coppock has knowledge of plaintiff's employment, behavioral problems, disciplinary actions taken and Winn-Dixie's policies and practices.

    f.  M. Covey

    See Matthew Covey.

    g.  Matthew Covey

    Covey is a co-worker of plaintiff's and has knowledge regarding plaintiff's employment practices, behavioral problems, and Winn-Dixie's policies and practices.

    h.  Gary L. Dean

    Dean has knowledge regarding plaintiff's employment,

behavioral problems, conversations with plaintiff regarding promotions, job posting, job request, and Winn-Dixie's policies and practices.

i.  Thomas Donahue

Donahue was a co-worker of plaintiff's and has knowledge regarding plaintiff's employment practices, behavioral problems, and Winn-Dixie's policies and practices.

j.  Kenneth Edwards

Edwards was a co-worker of plaintiff's and has knowledge regarding plaintiff's employment practices, behavioral problems, and Winn-Dixie's policies and practices.

k.  Rick Garmon

Garmon was the human resources manager who responded to plaintiff's initial charge of discrimination. He also has knowledge of plaintiff's employment practices, behavioral problems, and Winn-Dixie's policies and practices.

l.  Mark Gilbert

Gilbert was a co-worker of plaintiff's and has knowledge regarding plaintiff's employment practices, behavioral problems, and Winn-Dixie's policies and practices.

m.  R.J. Esther

Esther is the division manager who was made aware of plaintiff's allegations. He has knowledge of plaintiff's employment with Winn-Dixie and Winn-Dixie's policies and procedures.

n.  Richard Frazier

Frazier was a co-worker of plaintiff's and has knowledge regarding plaintiff's employment practices, behavioral problems, and Winn-Dixie's policies and practices regarding these matters. Frazier was also plaintiff's former roommate and has knowledge of conversations and

events regarding plaintiff and Winn-Dixie.

o.   A. Habersham     .     Habersham has knowledge of plaintiff's employment, behavioral problems, disciplinary actions taken and Winn-Dixie's policies and practices.

p.   M. Harris     Harris has knowledge of plaintiff's employment, behavioral problems, disciplinary actions taken and Winn-Dixie's policies and practices.

q.   David Hawes     Hawes was the superintendent of the warehouse and has first hand knowledge of plaintiff's employment at Winn-Dixie, his behavioral problems, and Winn-Dixie's policies and procedures.

r.   Kyle Hawkinson     Hawkinson is a co-worker of plaintiff's and has knowledge regarding plaintiff's employment practices, behavioral problems, and Winn-Dixie's policies and practices.

s.   Steve Hollingsworth     Hollingsworth is the current Human Resources Manager. He has knowledge of plaintiff's employment at Winn-Dixie, his workers compensation claim, his EEOC complaint, his behavioral problems, disciplinary actions taken and Winn-Dixie's policies and practices.

t.   Joe Holmes     Holmes is a co-worker of plaintiff with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices.

u.   Armando Izquierdo     Izquierdo was a supervisor/foreman with knowledge of plaintiff's employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices.

| v. | Lamar Jones | Jones is a co-worker of plaintiff with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices. |
|---|---|---|
| w. | Jessel Lares | Lares is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices. |
| x. | Betty Little | Little has knowledge of plaintiff's employment, behavioral problems and Winn-Dixie's policies and practices. |
| y. | Quentin Livingston | Livingston is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices. |
| z. | Issac Lymon | Lymon is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices. |
| aa. | Linford McFarlane | McFarlane is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices. |
| bb. | Richard Morgan | Morgan is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices. |
| cc. | Carlos Nunez | Nunez is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices. |

| | | |
|---|---|---|
| dd. | B. Oliphant | Oliphant has knowledge of plaintiff's employment, behavioral problems, disciplinary actions taken and Winn-Dixie's policies and practices. |
| ee. | David Powell | Powell is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices. |
| ff. | Errol Reid | Reid is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices. |
| gg. | Eric Reid | See Errol Reid. |
| hh. | Lenard Rorie | Rorie is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices. |
| ii. | K. Rucker | Rucker has knowledge of plaintiff's employment, behavioral problems, disciplinary actions taken and Winn-Dixie's policies and practices. |
| jj. | John Ruggiero | Ruggiero is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices. |
| kk. | John Ruggerio | See John Ruggiero. |
| ll. | Darryl Sanders | Sanders is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices. |

mm.  Nestor Sevilla

Sevilla is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices.

nn.  Norris Shelton

Shelton is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices.

oo.  Gary Singletary

Singletary is the training supervisor at Winn-Dixie and has knowledge of plaintiff's employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices regarding these matters and its job posting/request policies.

pp.  Christopher Stokes

Stokes is a co-worker of plaintiff's with knowledge of his employment at Winn-Dixie, his behavioral problems and Winn-Dixie's policies and practices.

qq.  Freddie Stringer

Stringer has knowledge of plaintiff's employment, behavioral problems, disciplinary actions taken and Winn-Dixie's policies and practices.

rr.  Eileen Suchma

Suchma has knowledge of plaintiff's employment, behavioral problems, disciplinary actions taken and Winn-Dixie's policies and practices.

ss.  Yolanda Thompson

Thompson has knowledge of plaintiff's drug testing, employment, behavioral problems, disciplinary actions taken and Winn-Dixie's policies and practices.

tt.  Richard R. Tourville

Tourville has knowledge of plaintiff's employment, behavioral problems,

disciplinary actions taken and
Winn-Dixie's policies and
practices.

uu.  Barbara Turner    Turner has knowledge of
plaintiff's employment,
behavioral problems,
disciplinary actions taken and
Winn-Dixie's policies and
practices.

vv.  Brian Turnier    Turnier has knowledge of
plaintiff's employment,
behavioral problems,
disciplinary actions taken and
Winn-Dixie's policies and
practices.

ww.  Barbara Vanzant    Vanzant has knowledge of
plaintiff's employment,
behavioral problems,
disciplinary actions taken and
Winn-Dixie's policies and
practices.

xx.  M. Williams    Williams has knowledge of
plaintiff's employment,
behavioral problems,
disciplinary actions taken and
Winn-Dixie's policies and
practices.

**Exhibit 6**

DEC 2 9 1998

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 98-1778-CIV-UUB

DAVID A. STUART,

Plaintiff,

vs.                                                    ORDER

BRITISH AIRWAYS, P.L.C.,
a foreign corporation,

Defendant.
_____/

This Cause is before the undersigned on Plaintiff's Motion to Compel (D.E. 24). Upon

due consideration, it is hereby

ORDERED AND ADJUDGED that the within motion is GRANTED IN PART and

DENIED IN PART as follows:

1) Plaintiff's Motion to Compel a Response to Request #3[1] is GRANTED. However, the

parties are to consult and prepare an appropriate Confidentiality Order for the Court's approval

prior to any of the documents being turned over.

---

[1] Request #3 seeks the personnel files of several of Plaintiff's former co-workers.

**EXHIBIT**

tabbies

" 6 "

2) Plaintiff's Motion to Compel Responses to Requests #16[2], #18[3], #20[4], #28[5], and #30[6]

is GRANTED.

3) Plaintiff's Request for Fees and Costs is DENIED.

DONE AND ORDERED, in Chambers, at Miami, Florida, this ___23___ day of

___DEC___, 1998.

_____
WILLIAM C. TURNOFF
United States Magistrate Judge

cc:     Honorable Ursula Ungaro-Benages
        Jennifer Daley, Esq.
        Dionne W. Blake, Esq.

---

[2] Request #16 seeks documents involving the recruitment and/or filling of any job as a Director from 1996 to the present.

[3] Request #18 seeks documents about job openings during the 90 days preceding and after Plaintiff's termination.

[4] Request #20 seeks documents showing the salary and/or pay levels for a Director from January 1992 to present.

[5] Request #28 seeks documents relating to other administrative charges of discrimination.

[6] Request #30 seeks documents concerning Defendant's compliance with equal opportunity statutes. The Court is unpersuaded that the "self-critical analysis privilege" applies in this context. See, e.g., In Re Air Crash Near Cali, Colombia, 959 F.Supp. 1529 (S.D. Fla. Feb. 7, 1997).