UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6021-CIV-GOLD/SIMONTON

GLENN PARKER,

     Plaintiff,

v.

WINN DIXIE STORES, INC.,
a Florida Corporation

     Defendant.

_____/

FILED by _____ N _____ D.C.
DKTG

SEP 6 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

**WINN-DIXIE'S AMENDED ANSWER
AND AFFIRMATIVE DEFENSES
TO THE AMENDED COMPLAINT**

Defendant, Winn-Dixie Stores, Inc. (Winn-Dixie), submits its amended answer and affirmative defenses to the amended complaint.

**ANSWER**

1.    As to paragraph 1, Winn-Dixie admits that this is a civil action under 42 U.S.C. § 2000e <u>et. seq.</u> (Title VII), 42 U.S.C. § 1981, the Civil Rights Act of 1991 and the Florida Human Rights Act of 1977, but denies that plaintiff is entitled to any relief or damages.

2.    Winn-Dixie denies the allegations in paragraph 2.

3.    As to paragraph 3, Winn-Dixie admits that venue is proper but denies the remainder of these allegations.

4.    As to paragraph 4, Winn-Dixie is without knowledge as to these allegations and therefore denies them.

5.    Winn-Dixie admits the allegations in paragraph 5.

6.    As to paragraphs 6 through 9, Winn-Dixie is without knowledge as to these allegations and therefore denies them.

7.    Winn-Dixie denies the allegations in paragraphs 10

CLARKE SILVERGLATE WILLIAMS & MONTGOMERY
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

CASE NO. 00-6021-CIV-GOLD/SIMONTON

through 19.

8.     Winn-Dixie realleges all answers to paragraphs 1 through 3, 4, 5 through 13, 14, and 15 through 19 in response to paragraph 20.

9.     Winn-Dixie denies the allegations in paragraph 21 and any prayer for relief contained in count I of the complaint.

10.    Winn-Dixie realleges all answers to paragraphs 1 through 3, 4, 5 through 13, 14, and 15 through 19 in response to paragraph 22.

11.    Winn-Dixie denies the allegations in paragraph 23 and any prayer for relief contained in count II of the complaint.

12.    Winn-Dixie realleges all answers to paragraphs 1 through 3, 4, 5 through 13, 14, and 15 through 19 in response to paragraph 24.

13.    Winn-Dixie denies the allegations in paragraph 25 and any prayer for relief contained in count III of the complaint.

14.    Winn-Dixie realleges all answers to paragraphs 1 through 3, 4, 5 through 13, 14, and 15 through 19 in response to paragraph 26.

15.    Winn-Dixie denies the allegations in paragraphs 27 and 28 and any prayer for relief contained in count IV of the complaint.

16.    Winn-Dixie realleges all answers to paragraphs 1 through 3, 4, 5 through 13, 14, and 15 through 19 in response to paragraph 29.

2

CASE NO. 00-6021-CIV-GOLD/SIMONTON

17. Winn-Dixie denies the allegations in paragraph 30 and any prayer for relief contained in count V of the complaint.

18. Winn-Dixie realleges all answers to paragraphs 1 through 3, 4, 5 through 13, 14, and 15 through 19 in response to paragraph 31.

19. Winn-Dixie denies the allegations in paragraph 32 and any prayer for relief contained in count VI of the complaint.

20. The remaining allegations and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 2000e et. seq., 42 U.S.C. § 1981, or the Florida Human Rights Act, Fla. Stat. § 760 et. seq..

2. Any actions or decisions regarding plaintiff's employment were based upon legitimate, non-discriminatory reasons, and therefore Winn-Dixie is not liable.

3. Plaintiff's decision to quit his job was not proximately related to any discriminatory actions of Winn-Dixie.

4. Plaintiff's own conduct was the sole cause of his damages, and therefore his claim is precluded; alternatively, his own conduct contributed in whole or part to his damages, and therefore his damages should be reduced accordingly.

5. Plaintiff failed to mitigate his alleged damages.

6. Defendant is entitled to set-off equal to any amounts

CLARKE SILVERGLATE WILLIAMS & MONTGOMERY
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

CASE NO. 00-6021-CIV-GOLD/SIMONTON

paid or payable to plaintiff from all collateral sources, including unemployment compensation benefits.

7.    This action, or in the alternative, certain actions alleged against Winn-Dixie, are barred by the administrative rules, statute of limitations, doctrines of estoppel, waiver or laches.

8.    The alleged damages claimed by plaintiff were caused by the intervening actions of entities or individuals not under the dominion, custody or control of this defendant.  Accordingly, any award rendered to plaintiff should be reduced according to the amount of his own negligence and/or that of third parties.

9.    Winn-Dixie denies that any persons in its employ with a race other than plaintiff is, or was, treated differently than plaintiff under similar circumstances.  However, if such events did occur, Winn-Dixie affirmatively alleges that non-discriminatory differences exist in those incidents.

10.    Winn-Dixie's actions concerning plaintiff were motivated by good faith, non-discriminatory employment practices.

11.    At no time did Winn-Dixie discriminate against plaintiff.

12.    Plaintiff's complaint is beyond the scope of his administrative charge(s).

13.    Plaintiff has failed to exhaust his administrative remedies.

14.    Winn-Dixie exercised reasonable care to prevent and correct promptly any workplace harassment or discrimination, and

4

CASE NO. 00-6021-CIV-GOLD/SIMONTON

plaintiff failed to act with reasonable care to take advantage of Winn-Dixie's safeguards and to otherwise prevent harm that could have been avoided. <u>See</u> <u>Faragher v. City of Boca Raton</u>, 524 U.S. ___, 141 L.Ed. 2d 662 (1998). Accordingly, plaintiff is barred from recovery herein.

15. Plaintiff's claim under the Florida Civil Rights Act, Fla. Stat. § 760.01 <u>et.al.</u> is barred because of his failure to appeal the decision of the appropriate administrative agency or agencies.

16. Pursuant to <u>McKennon v. Nashville Banner Publishing Co.</u>, 513 U.S. 352 (1995), plaintiff's damages are limited by the doctrine of after acquired evidence and he is only entitled damages up to the date which Winn-Dixie discovered his inappropriate actions.

Respectfully submitted,

CLARKE SILVERGLATE WILLIAMS
  & MONTGOMERY
Attorneys for Winn-Dixie
100 N. Biscayne Blvd., #2401
Miami, Florida 33132
Telephone: 305/377-0700
Facsimile: 305/377-3001

By:_____
   Spencer H. Silverglate
   Florida Bar No. 769223
   Spencer T. Kuvin
   Florida Bar No. 089737

CLARKE SILVERGLATE WILLIAMS & MONTGOMERY

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

CASE NO. 00-6021-CIV-GOLD/SIMONTON

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 23d day of ~~March~~ August 2000, to Jennifer Daley, Amlong & Amlong, P.A. , 500 N.E. 4th Street, Second Floor, Ft. Lauderdale, Florida 33301-1154.

CLARKE SILVERGLATE WILLIAMS
& MONTGOMERY

By: _____
      Spencer T. Kuvin

6-31/75976

6

CLARKE SILVERGLATE WILLIAMS & MONTGOMERY
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS